```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                    EASTERN DISTRICT OF CALIFORNIA
10                             ----oo0oo----
11
   SOVEREIGN GENERAL INSURANCE
12 SERVICES, INC., a California
   corporation,
13                                       No. 2:05-cv-0312-MCE-DAD
14           Plaintiff,
15      v.                               **ORDER**
16 SCOTTSDALE INSURANCE COMPANY,
   an Ohio corporation, NATIONAL
17 CASUALTY COMPANY, a Wisconsin
   corporation, SCOTTSDALE
18 INDEMNITY COMPANY, an Ohio
   corporation, WESTERN HERITAGE
19 INSURANCE COMPANY, an Arizona
   corporation, R. MAX
20 WILLIAMSON, an individual,
   JOSEPH A. LUGHES, an
21 individual, and DOES 1 through
   100, inclusive,
22
             Defendants.
23 _____/
24
25
                              ----oo0oo----
26
27      By Order dated November 1, 2005, this Court consolidated the
28 above-referenced matter with Western Heritage Ins. Co. v.
                                    1
```

1 Sovereign General Ins. Serv., Case No. 2:05-cv-1389-MCE-DAD.
2 ("Western Heritage").  The above-referenced matter, which will be
3 referred to as "Sovereign General", was denominated as lead case.
4      The Sovereign General Defendants have moved to strike,
5 pursuant to Federal Rule of Civil Procedure 12(f),[1] the
6 Counterclaim filed in the Western Heritage case as duplicative
7 and redundant of the claims already asserted in the Sovereign
8 General case-in-chief.  The Sovereign General Defendants further
9 assert that any additional claims sounding in fraud fail to state
10 a claim upon which relief can be granted and should be dismissed
11 in accordance with Rule 12(b)(6).
12      The proponents of the Western Heritage Counterclaim have, in
13 response to this Motion, filed an Amended Counterclaim to address
14 the argument that its fraud claims were not pled with
15 specificity.  Opposition to that portion of the Motion to Dismiss
16 made in accordance with Rule 12(f) was also filed, and in reply
17 the Sovereign General Defendants argue that the amended pleading
18 is still insufficient.  They concede, however, that the filing of
19 the Amended Counterclaim may moot the Motion to Dismiss directed
20 to the original Counterclaim, despite the fact that the
21 redundancy argument remains unchanged with respect to both the
22 initial counterclaim and its successor.
23      The Western Heritage Counterclaim may indeed be amended once
24 as a matter of course before a responsive pleading is served.
25 Fed. R. Civ. P. 15(a); see Allwaste, Inc. v. Hecht, 65 F.3d 1523,
26 1530 (9th Cir. 1995).  Because motions under Rule 12(b) are not

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

considered responsive pleadings, the filing of this Motion to Dismiss does not prevent amendment of the Counterclaim prior to hearing said motion. <u>Crum v. Circus Circus Enterprises,</u> 231 F.3d 1129, 1130 n. 3 (9th Cir. 2000). Because the filing of the Amended Counterclaim voids its predecessor, the Motion to Dismiss directed to the original Counterclaim is necessarily moot, and the motion is DENIED on that basis.[2] Despite their apparent attempt to do so, the Sovereign General Defendants cannot challenge the allegations made in the Amended Counterclaim by way of reply in support of their motion directed to the original pleading. Any further challenge must be made by way of a newly filed motion in response to the Amended Counterclaim. In addition, although the Sovereign General Defendants argue that both versions of the counterclaim are equally duplicative and/or redundant, as stated above the original counterclaim has been superseded and any continuing challenge to the Amended Counterclaim is not properly before the Court at this juncture.

    IT IS SO ORDERED.

DATED: January 10, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).