UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California corporation, | No. 2:05-cv-0312-MCE-DAD |
| | Consolidated with 2:05-cv-1389-MCE-DAD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, NATIONAL CASUALTY COMPANY, a Wisconsin corporation, SCOTTSDALE INDEMNITY COMPANY, an Ohio corporation, WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation, R. MAX WILLIAMSON, an individual, JOSEPH A. LUGHES, an individual, and DOES 1 through 100, inclusive, | |
| Defendants. | |

----oo0oo----

///

///

///

///

///

1

1    This consolidated litigation arises from the termination of

2  agency agreements between Sovereign General Insurance Services,

3  Inc. ("SGI"), a surplus line broker, and four insurance

4  companies, Scottsdale Insurance Company and its subsidiaries,

5  Scottsdale Indemnity Company, National Casualty Company and

6  Western Heritage (hereinafter collectively referred to as

7  "Scottsdale" unless otherwise noted).  SGI's initial lawsuit,

8  filed against Scottsdale in state court, was removed to this

9  Court on diversity of citizenship grounds pursuant to 28 U.S.C.

10 §§ 1332 and 1441.  That lawsuit alleges that Scottsdale

11 improperly deprived SGI of contingent commissions and loss of

12 prospective business in terminating its agreements.  Scottsdale

13 subsidiary Western Heritage then proceeded to file its own action

14 in the United States District Court of Arizona, contending that

15 SGI wrongfully failed to remit insurance premiums due Western

16 Heritage.  SGI's Amended Counterclaim and Cross-Claim in that

17 action (hereinafter referred to as the "Counterclaim") is the

18 subject of the Motion to Dismiss[1] now before the Court.

19    Scottsdale's Motion is multi-pronged.  First, it argues that

20 SGI's Counterclaim is duplicative of the allegations made in its

21 own lawsuit and should be stricken as redundant under the

22 provisions of Federal Rule of Civil Procedure 12(f).[2]

23 ///

24 ///

25

26    [1]The instant Motion is alternatively framed as a Motion to
   Dismiss under Federal Rule of Civil Procedure 12(f), and as a
   Motion for More Definite Statement under Rule 12(e).
27

28    [2]All further references to "Rule" or "Rules" are to the
   Federal Rules of Civil Procedure unless specified otherwise.

2

1  Scottsdale next contends that the Counterclaim fails to state a
2  viable cause of action in any event and should be dismissed for
3  failure to state a claim upon which relief can be granted
4  pursuant to Rule 12(b)(6).  Finally, Scottsdale asks that the
5  Counterclaim be dismissed for uncertainty under Rule 12(e)
6  inasmuch as the role of certain parties added as counterclaimants
7  cannot reasonably be ascertained.

8       Scottsdale's Motion will be granted in part and denied in
9  part as set forth below.[3]

10

11                          **BACKGROUND**[4]

12

13      In 1995, SGI entered into general agency and profit-sharing
14  agreements with the Scottsdale entities pursuant to which SGI
15  placed insurance business written by Scottsdale.  While the
16  agency agreements themselves could be terminated at-will, they
17  also contained provisions specifying that the rights to renewal
18  of existing policies placed by SGI would remain the property of
19  SGI.  Moreover, the profit-sharing agreements specified that
20  additional commission payments were payable to SGI depending on
21  the underwriting profits realized by Scottsdale on business
22  placed by SGI.
23  ///
24  ///

25

26      [3]Because oral argument would not be of material assistance,
    this matter was deemed suitable for decision without oral
27  argument.  E.D. Local Rule 78-230(h).

28      [4]This section is derived from the allegations contained in
    SGI's Amended Counterclaim.

                                3

1    According to SGI's Amended Counterclaim, in 2000 it
2  purchased an errors and omissions policy from one of the
3  Scottsdale subsidiaries, National Casualty, to satisfy
4  contractual obligations imposed by Scottsdale that required such
5  coverage.  After a claim was made against that policy in 2001,
6  National General reserved its rights and filed a declaratory
7  relief action seeking judicial determination that it owed no duty
8  to defend or indemnify SGI as to the pending claim.  After
9  learning that National had commenced its declaratory relief
10 lawsuit, SGI contacted Scottsdale's President and Chief Operating
11 Officer, R. Max Williamson.  SGI expressed concern with respect
12 to National Casualty's attempt to disclaim coverage for what SGI
13 considered to be normal conduct and activities of a surplus line
14 broker falling within the scope of the errors and omissions
15 policy.

16    SGI alleges that Williamson responded to that concern by
17 causing SGI's agency and profit-sharing ageements with Scottsdale
18 to be terminated on June 28, 2004, just two days before
19 Scottsdale owed SGI in excess of $400,000.00 in additional
20 commission payments.  SGI further alleges that although it was
21 also entitled to ownership, use and control of residual
22 commission income following policy renewals, Scottsdale deprived
23 them of that right by soliciting and accepting renewals through
24 competing surplus line brokers and SGI's retailers.  SGI alleges
25 that this loss of renewal business between August 2004 and August
26 2005 exceeded $650,000.00.

27 ///
28 ///

4

1        On December 16, 2004, SGI filed suit against Scottsdale in
2   San Joaquin County Superior Court, alleging causes of action for
3   breach of contract, breach of the implied covenant of good faith
4   and fair dealing, and interference with prospective economic
5   advantage.  SGI also sought an accounting from Scottsdale as to
6   its profit-sharing loss ratios.  As indicated above, this action
7   was removed by Scottsdale to federal court on diversity grounds
8   on or about February 16, 2005.

9        Despite the pendency of SGI's action, Scottsdale subsidiary
10  Western Heritage proceeded to file a separate action seeking to
11  recoup more than $1,000,000.00 in premiums collected by SGI and
12  allegedly not paid to Western Heritage.  Although Scottsdale
13  cites this purported failure on SGI's part as a defense to any
14  ownership interest pertaining to policy renewals (see
15  Scottsdale's Moving Papers, 9:10-12), Western Heritage
16  nonetheless elected to file a separate action rather than
17  counterclaim in SGI's already pending lawsuit.

18       In response to the Western Heritage action, SGI asserted its
19  Counterclaim which offered a similar but expanded version of the
20  allegations already pled in its own action.  Five of the six
21  claims were repeated, albeit with slight modifications, and SGI's
22  initial claim for interference with prospective economic
23  advantage was broken into separate variants premised
24  alternatively on negligent and intentional conduct.
25  ///
26  ///
27  ///
28  ///

In addition, SGI's Counterclaim asserts a claim premised on fraud, arguing that Scottsdale issued its errors and omissions policy with no intention of honoring that policy for its stated purpose of providing professional liability coverage for SGI as a wholesaler, general agent and surplus line broker.  Finally, the SGI Counterclaim adds two new individuals, Martin F. Sullivan and Gloria Sullivan, as counterclaimants.

As enumerated above, Scottsdale's various objections to the Counterclaim are the basis for the Motion now before the Court.

**STANDARD**

Turning first to Scottsdale's Motion premised on Rule 12(f), any portion of a pleading may be stricken as redundant under that subsection, although such motions are rarely granted and are generally disfavored.  See, e.g., Sapiro v. Encompass Ins., 221 F.R.D. 513, 516-17 (N.D. Cal. 2004).

With respect to that portion of Scottsdale's motion seeking dismissal for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true in considering such a motion and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  A pleading will not be dismissed for failure to state a claim "'unless it appears beyond doubt that [its proponent] can prove no set of facts in support of [the] claim that would entitle [it] to relief.'"

///
///

1 <u>Yamaguchi v. Dep't of the Air Force</u>, 109 F.3d 1475, 1480 (9th Cir.

2 1997) (quoting <u>Lewis v. Tel. Employees Credit Union</u>, 87 F.3d

3 1537, 1545 (9th Cir. 1996).

4      Finally, with regard to Scottsdale's request for a more

5 definite statement of SGI's claims, such a motion is permitted

6 before interposing a responsive pleading "[i]f a pleading . . .

7 is so vague or ambiguous that a party cannot reasonably be

8 required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).

9 A Rule 12(e) motion is proper only when a pleading is so

10 indefinite that the party to whom it is directed cannot ascertain

11 the nature of the claim being asserted.  <u>Gay-Straight Alliance</u>

12 <u>Network v. Visalia Unified Sch. Dist.</u>, 262 F. Supp. 2d 1088, 1099

13 (E.D. Cal. 2001).  Such a motion must be denied if the pleading

14 is specific enough to apprise the responding party of the claim's

15 substance.  <u>Id.</u>  The Court should also deny a motion for more

16 definite statement if the detail sought by way of the motion is

17 available through discovery.  <u>Id.</u>

18

19                    **ANALYSIS**

20

21 **A.  Scottsdale's Rule 12(f) Motion**

22

23      Scottsdale urges the Court to strike SGI's Counterclaim in

24 its entirety, arguing that the allegations contained therein are

25 "largely duplicative" of the claims already made by SGI in its

26 own lawsuit.

27 ///

28 ///

1  The Counterclaim, however, contains both new causes of action

2  (for both intentional and negligent interference with prospective

3  economic advantage), new parties (Martin R. Sullivan and Gloria

4  Sullivan) and new allegations (even Scottsdale concedes that

5  additional paragraphs and other miscellaneous changes have been

6  made, see Moving Papers, 13:3-5).  Particularly in view of the

7  disfavor with which motions under Rule 12(f) are viewed (Sapiro

8  v. Encompass Ins., 221 F.R.D. at 516-17), the Court declines at

9  this time to parse through each and every allegation of the

10 Counterclaim to determine just which contentions were already

11 voiced in SGI's initial Complaint.  Moreover, while Scottsdale

12 complains of the duplicity of litigation posed by SGI's

13 Counterclaim, it contributed to the procedural complexity of

14 these cases by electing to file an entirely new lawsuit rather

15 than registering its defenses to SGI's action (in the form of

16 alleging policy premium nonpayment) by way of counterclaim/cross-

17 claim to SGI's lawsuit.  The Court will accordingly not strike

18 SGI's Counterclaim as redundant and/or duplicative, and denies

19 Scottsdale's Motion in that regard.

20

21 **B.  Failure to State Viable Claims**

22

23     Scottsdale moves to dismiss four of the eight claims pled in

24 SGI's Counterclaim by arguing that at-will provisions contained

25 in the agency agreements at issue necessarily preclude any breach

26 of contract claim, as stated in Second and Fourth Causes of

27 Action.

28 ///

1  The same at-will status, according to Scottsdale, also prevents
2  SGI from asserting a viable claim for breach of the covenant of
3  good faith and fair dealing (in the First and Third Causes of
4  Action) since any claim for breach of the covenant depends on an
5  underlying contractual relationship.

6      SGI does not dispute the at-will provisions which permitted
7  Scottsdale to terminate its agency relationship, but points out
8  that Scottsdale's right to terminate any ongoing relationship
9  does not give it a corresponding right to forego all obligations
10 contemplated by the agreement between the parties.  The fact that
11 Scottsdale could terminate its agency agreement with SGI, for
12 example, does not mean that it can also refrain from paying
13 additional commissions already earned, as alleged by SGI.  Nor
14 does it means that Scottsdale can usurp SGI's vested ownership
15 interest in policy renewal rights.  These are the obligations
16 upon which SGI's contractually based claims appear to rest, and
17 the Court must assume those rights are genuine for purposes of
18 ruling on the present motion.  To the extent that the agreements
19 guaranteed SGI certain rights, as SGI contends, claims sounding
20 in contract are available to redress breaches of those rights.
21 In addition, it is axiomatic that the covenant of good faith and
22 fair dealing is designed to protect a party's rights to receive
23 benefits under an agreement, which again is invoked by SGI's
24 allegations in this case.  See Foley v. Interactive Data Corp.,
25 47 Cal. 3d 654, 681 (1988).  Hence Scottsdale's motion as
26 directed to the First through Fourth Causes of Action stated in
27 SGI's Counterclaim is denied.
28 ///

1    While Scottsdale argues that SGI's rights in this respect
2 are defeated because it has not paid Scottsdale certain premium
3 payments owed, the Court will not, and cannot, resolve that
4 factual dispute in the context of a motion to dismiss.  Because
5 Scottsdale's challenge to the interference with prospective
6 advantage claims, as well as SGI's claim for an accounting, are
7 also premised on such claims, they too fail.  This leaves
8 Scottsdale's challenge to the sufficiency of SGI's fraud claim as
9 the only remaining substantive issue to be addressed.

10    In asserting fraud, SGI contends that Scottsdale issued an
11 errors and omissions policy to SGI, knowing of SGI's reliance
12 that such policy would cover its potential professional liability
13 as a surplus line broker, with no intention of honoring that
14 policy for the purpose for which it was written.  SGI
15 specifically contends that Carol Chamberlain, a managing general
16 agent for Scottsdale, made representations during the course of
17 negotiations for the purchase of such policy that she knew to be
18 false with respect to the scope of coverage being offered.  SGI
19 further contends that it was damaged by having to expend defense
20 costs in excess of $100,000 to secure coverage that Scottsdale
21 had no intention of otherwise extending.

22    While Scottsdale correctly asserts that claims for fraud
23 must be pled with specificity in accordance with Rule 9(b), the
24 Court believes that SGI's allegations are sufficient to survive a
25 pleading challenge at this stage of the litigation.  SGI has not
26 only specified the requisite fraudulent misrepresentation, but it
27 has alleged the manner in which the representations were made and
28 from whom they purportedly emanated.

1   That suffices to state a potentially viable claim.  <u>See</u> <u>In re</u>
2   <u>GlenFed, Inc. Secur. Litig</u>, 42 F.3d 1541, 1547, n.7 (9th Cir.
3   1994).  Scottsdale's Motion to Dismiss as to the Eighth Cause of
4   Action, for fraud, is therefore also denied.

5

6   **C.   Claim for Uncertainty under Rule 12(e)**

7

8        As indicated above, a claim for uncertainty properly lies
9   where a pleading is so vague and ambiguous that a response cannot
10  be reasonably formulated.  Fed. R. Civ. P. 12(e).  Scottsdale
11  alleges that while Martin F. Sullivan and Gloria Sullivan are
12  ostensibly listed as counterclaimants/cross-claimants in the
13  preamble to SGI's Amended Counterclaim, their role in claims
14  being asserted is not otherwise clarified.  Their status as
15  parties is not explained, the causes of action themselves refer
16  only to Sovereign General, and the prayer for relief contains no
17  mention of their alleged damage.  The only substantive reference
18  to the Sullivans appears in the Eighth Cause of Action, for
19  fraud, but even that claim does not specify just who the
20  Sullivans are or what role they occupy in this litigation.
21  Scottsdale's claim of uncertainty is therefore well taken, and
22  its request for a more definite statement under Rule 12(e) will
23  accordingly be granted in order to properly clarify the
24  Sullivans' place in this lawsuit.
25  ///
26  ///
27  ///
28  ///

**CONCLUSION**

    For the reasons stated above, Scottsdale's Motion is denied, except to the extent that SGI's Amended Counterclaim is fatally uncertain as the role of Martin F. Sullivan and Gloria Sullivan in this litigation.  Plaintiff will be accorded ten (10) days following the date of this Order to make a more definite statement in that regard; otherwise, the Sullivan's inclusion in the Counterclaim is deemed stricken.

    IT IS SO ORDERED.

DATED: March 8, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

12