ANTHONY J. BARRON (CA State Bar No. 150447)
MATTHEW A. RICHARDS (CA State Bar No. 233166)
KHURSHID P. KHOJA (CA State Bar No. 233866)
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California  94105-3601
Telephone:    (415) 371-1200
Facsimile:     (415) 371-1211

Attorneys for Defendants
SCOTTSDALE INSURANCE COMPANY, NATIONAL CASUALTY COMPANY,
SCOTTSDALE INDEMNITY COMPANY, WESTERN HERITAGE INSURANCE COMPANY,
R. MAX WILLIAMSON and JOSEPH A. LUGHES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, NATIONAL CASUALTY COMPANY, a Wisconsin Corporation, SCOTTSDALE INDEMNITY COMPANY, an Ohio Corporation, WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation, R. MAX WILLIAMSON, an individual, JOSEPH A. LUGHES, an individual, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:05-CV-0312-MCE-DAD<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>*Consolidated with: 05-CV-01389-GEB-KJM* |

IT IS HEREBY STIPULATED and agreed by, between, and among the parties to this action, and their counsel of record, that the terms and conditions of this Stipulation and Protective Order (hereinafter "Protective Order") shall govern proceedings in this action.

1. <u>The Scope</u>.  This Protective Order is intended to apply to all documents, information, deposition testimony, discovery responses and other forms of information of any nature disclosed or produced by the parties or non-parties during the course of this litigation.

2.  <u>Definitions</u>.

(a) "DOCUMENTS" shall mean: (i) all written, recorded, or graphic matter and information produced on computer disks or tapes, including all "writings" as defined by Fed. R. Evid. § 1001, which (1) are or have been produced in connection with this action by any party to this action, or (2) are produced in this action to any party to this action by any non-party, whether pursuant to subpoena or by agreement; and (ii) any copies, excerpts, reproductions, or summaries of the foregoing, including microfilm copies.

(b) "DISCOVERY INFORMATION" shall mean: (i) DOCUMENTS, other than DOCUMENTS that are publicly available; (ii) answers to interrogatories, responses to requests for production, including documents and other tangible things produced pursuant to such demand(s), and responses to requests for admission served or filed in this action; and (iii) transcripts of deposition testimony taken in this action and deposition exhibits.  "DISCOVERY INFORMATION" shall also include copies, excerpts, reproductions, or summaries of the foregoing.

(c) "CONFIDENTIAL INFORMATION" shall mean: any information, however kept or stored, lawfully entitled to confidential treatment under existing United States and California law, which is not otherwise accessible to the public, and which discloses information of a proprietary business or technical nature that might reasonably be of value to a competitor or potential customer of the party or non-party holding the proprietary rights thereto, or might reasonably pose a commercial disadvantage to the producing party and that must be protected from disclosure.

(d) "DESIGNATING PARTY(IES)" shall mean and include the party(ies) or non-party(ies) designating DISCOVERY INFORMATION as CONFIDENTIAL INFORMATION.

3.  <u>Disclosure of CONFIDENTIAL INFORMATION</u>.  CONFIDENTIAL INFORMATION shall be disclosed only to the following persons:

(a) The parties' attorneys of record in this action and their staffs;

(b) Subject to the limitations set forth below, the parties to this action;

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

(c) Any independent, outside experts and consultants the parties' attorneys of record consult with and/or retain with respect to this litigation, but only to the extent necessary for their work on the case, and employees and assistants under the control of such experts or consultants;

(d) Witnesses (other than persons described in Paragraph 3(c) of this Protective Order);

(e) Judges, magistrates, law clerks, and other clerical personnel of the Court where this action is pending;

(f) Court reporters, videographers, and other persons involved in recording deposition testimony in this action;

(g) Other persons, but only to the extent required by the applicable rules of civil procedure, local rules of court, or court order; and

(h) Any other person with the prior written consent of the DESIGNATING PARTY.

All such persons, other than the persons identified in Paragraph 3(a), (b), (e), and (f) of this Protective Order, shall agree to be bound by the terms of this Protective Order by signing an acknowledgment, in the form attached hereto as Exhibit A, prior to receiving disclosure of any CONFIDENTIAL INFORMATION.

4. <u>Disclosure to Third-Parties</u>.  No person to whom CONFIDENTIAL INFORMATION is disclosed shall discuss such information or disclose it to any person other than those described in Paragraph 3, above, or for any purpose other than that specified in Paragraph 3.

5. <u>Inadvertent Disclosure</u>.  The inadvertent or unintended disclosure of CONFIDENTIAL INFORMATION, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the DESIGNATING PARTY's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

6. <u>Cooperation</u>.  Should any non-party seek access from a party to DISCOVERY INFORMATION designated CONFIDENTIAL INFORMATION by request, subpoena, or otherwise, that party's attorneys of record shall:

    (a) Promptly notify counsel for the DESIGNATING PARTY;

    (b) Object in writing to any disclosure to any non-party without written consent from the DESIGNATING PARTY;

    (c) Seek written consent from the DESIGNATING PARTY; and

    (d) Make no disclosure without written consent from the DESIGNATING PARTY or court order.

If the DESIGNATING PARTY does not given its written consent to the party from whom disclosure of CONFIDENTIAL INFORMATION is sought, that party shall work with the DESIGNATING PARTY to quash or otherwise oppose the request, subpoena, or other method of obtaining the CONFIDENTIAL INFORMATION.

7. <u>Copies, Extracts, Summaries, and Memoranda</u>.  This Protective Order shall apply to copies, extracts, and summaries of CONFIDENTIAL INFORMATION.

8. <u>Return of Materials</u>.  Within thirty (30) days after termination of this action, the parties and/or their counsel shall return or destroy all copies of the opposing parties' DISCOVERY INFORMATION that has been designated as CONFIDENTIAL INFORMATION unless required by law or ordered by the Court to do otherwise.  If DISCOVERY INFORMATION and/or CONFIDENTIAL INFORMATION is destroyed, written confirmation of such destruction shall be provided promptly to counsel for all other parties.

9. <u>Modifications to Terms of Protective Order</u>.  This Protective Order may be modified by the Court for good cause shown.  The Court may enter a subsequent order addressing the use at trial of DISCOVERY INFORMATION designated CONFIDENTIAL INFORMATION.  In addition, nothing in this Protective Order shall prohibit a party from seeking further protection of DISCOVERY INFORMATION by stipulation among all of the parties or by application to the Court.  This Protective Order does not limit any party's right to object to any discovery request on

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

the ground that the documents or information sought requires a greater degree of protection than is afforded by this Protective Order.

10. <u>Responsibility for Compliance</u>.  Counsel to whom CONFIDENTIAL INFORMATION is disclosed or produced shall be responsible for ensuring that parties and other persons are informed of this Protective Order, and for obtaining the required execution of the acknowledgment form attached hereto as Exhibit A.  Specifically, before disclosing CONFIDENTIAL INFORMATION to any other person, such counsel shall obtain from that person an executed copy of the attached acknowledgment form attached hereto as Exhibit A.

11. <u>Admissibility</u>.  Nothing in this Protective Order affects or restricts in any way: (a) the admissibility of any documents, testimony, or other evidence at trial; or (b) a party's right to apply to the Court for relief from this Protective Order or for further or additional protective orders.

12. <u>Designation of DISCOVERY INFORMATION</u>.

(a) Any DISCOVERY INFORMATION, except depositions, that a party wishes to designate as CONFIDENTIAL INFORMATION shall be so designated in a conspicuous place on each page of such DISCOVERY INFORMATION.

(b) For purposes of depositions in this action, if any party seeks to designate all or a portion of the transcript from such deposition as CONFIDENTIAL INFORMATION, then at the outset of such deposition, or within a reasonable time thereafter, the attorney for such party shall notify counsel for the other parties to this action that the deposition is subject to this Protective Order.  Thereafter, the deposition and the transcript thereof shall be deemed CONFIDENTIAL INFORMATION until twenty (20) days following such counsel's receipt of the transcript from the deposition, within which time the attorney requesting the application of this Protective Order shall either: (a) designate in writing only certain portions of said deposition transcript as CONFIDENTIAL INFORMATION; or (b) confirm in writing the CONFIDENTIAL INFORMATION designation, or withdraw any designation.  Failure to provide such information in writing within twenty (20) days shall result in the automatic waiver of any designation of such deposition transcript as CONFIDENTIAL INFORMATION.  If any such deposition transcripts are

designated CONFIDENTIAL INFORMATION, they shall be regarded as such unless successfully challenged as set forth Paragraph 19 of this Protective Order.

(c) Any DISCOVERY INFORMATION designated as CONFIDENTIAL INFORMATION that is identified as an exhibit in connection with testimony given in these proceedings shall be marked "CONFIDENTIAL INFORMATION" in a conspicuous place on each page thereof, and any testimony concerning the exhibit or thing shall also be considered CONFIDENTIAL INFORMATION, and shall be subject to the terms of this Protective Order.

13. <u>Third-Party Subpoenas</u>. With respect to DOCUMENTS obtained from a third-party by subpoena *duces tecum* or other discovery method authorized by law, the parties shall have thirty (30) days from the date said DOCUMENTS are produced to designate said DOCUMENTS CONFIDENTIAL INFORMATION, during which time the parties shall treat such DOCUMENTS as CONFIDENTIAL INFORMATION as set forth herein. If any such DOCUMENTS are not so designated, they shall not be regarded as CONFIDENTIAL INFORMATION. If any such DOCUMENTS are designated CONFIDENTIAL INFORMATION, they shall be regarded as such unless successfully challenged as set forth Paragraph 15 of this Protective Order.

14. <u>Filing DISCOVERY INFORMATION Under Seal</u>. Eastern District of California Local Rules 39-140 and 39-141 apply to discovery materials, including DISCOVERY INFORMATION as defined in this Protective Order, that are submitted to the Court for any purpose. In the event a party wishes to file DOCUMENTS with the Court that have been designated as CONFIDENTIAL INFORMATION, then that party shall provide written notice to the DESIGNATING PARTY of its intent to file items under seal, identifying with particularity each and every DOCUMENT it wishes to file. Thereafter, the DESIGNATING PARTY must serve a Notice of Intent to Protect within five (5) days of such notice, and within ten (10) days of service of the Notice of Intent to Protect, file a noticed motion with the Court to have the DOCUMENTS designated as CONFIDENTIAL INFORMATION filed under seal, pursuant to Federal Rule of Civil Procedure 26(c) and Eastern District of California Local Rules 39-140 and 39-141 in order to require those DOCUMENTS be sealed or filed under seal. If and when the DESIGNATING PARTY files such a noticed motion to have the DOCUMENTS designated as CONFIDENTIAL

INFORMATION filed under seal, and during the pendency of such motion, all other parties will refrain from filing such materials or shall lodge such materials with the Court under seal in a manner consistent with Federal Rule of Civil Procedure 26(c) and Eastern District of California Local Rules 39-140 and 39-141, until such time as the Court can conduct a hearing and determination on the DESIGNATING PARTY'S motion. If no Notice of Intent to Protect or motion is served after said notice, such DOCUMENTS may be used for any purpose.

15. <u>Challenging a Designation</u>. Any party may challenge the designation of information as CONFIDENTIAL INFORMATION by any other party or non-party by written notice to such DESIGNATING PARTY specifying which information or DOCUMENTS or class of information should not be designated CONFIDENTIAL INFORMATION. Upon receipt of said notice, the parties (through their counsel) shall make good faith and reasonable efforts to informally resolve any dispute regarding designations. If, within thirty (30) days of sending a notice challenging the designation, the challenge has not been resolved to the satisfaction of the party challenging the designation, then the DESIGNATING PARTY(IES) may, within sixty (60) days of receipt of a notice challenging the designation, bring a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the designated DISCOVERY INFORMATION. On any such motion to protect the designated DISCOVERY INFORMATION, the DESIGNATING PARTY(IES) shall bear the burden of demonstrating that the disputed designation(s) is/are legally warranted. If such a motion to protect the designated DISCOVERY INFORMATION is not brought within the time period specified herein, all designation of the DISCOVERY INFORMATION is waived. The party who prevails on such a motion shall be entitled to the recovery of its reasonable attorneys' fees and costs incurred in connection with such motion, at the discretion of the Court for good cause shown. Nothing herein abrogates the parties' ability to extend, by mutual agreement, the time frame within which a motion described above shall be brought.

16. *In Camera* Review. Any Court hearing which refers to or describes CONFIDENTIAL INFORMATION shall, at the Court's discretion, be *in camera*.

17. <u>Jurisdiction</u>.  The Court retains jurisdiction to modify this Protective Order and to make further orders with respect to the custody, control, and use of DISCOVERY INFORMATION pursuant to this order, including orders as to the ultimate disposition of said DISCOVERY INFORMATION.

18. <u>Headings</u>.  The headings used in this Protective Order are supplied for the convenience of the parties and shall not be taken into account in the interpretation of this Protective Order.

Dated: June ___, 2006                    THELEN REID & PRIEST LLP

By: _____
Anthony J. Barron
Attorneys for Defendants
SCOTTSDALE INSURANCE COMPANY,
NATIONAL CASUALTY COMPANY,
SCOTTSDALE INDEMNITY COMPANY,
WESTERN HERITAGE INSURANCE
COMPANY, R. MAX WILLIAMSON, and
JOSEPH A. LUGHES

Dated: June ___, 2006                    AGUILAR & SEBASTINELLI, PLC

By: _____
Dominic G. Flamiano
Attorneys for Plaintiff and Cross-Defendant
SOVEREIGN GENERAL INSURANCE
SERVICES, INC. and Cross-Defendants,
MARTIN F. SULLIVAN, SR. and GLORIA
SULLIVAN

**ORDER**

**IT IS SO ORDERED.**
Dated: July 5, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

-8-

```
 1  ANTHONY J. BARRON (CA State Bar No. 150447)
    MATTHEW A. RICHARDS (CA State Bar No. 233166)
 2  KHURSHID P. KHOJA (CA State Bar No. 233866)
    THELEN REID & PRIEST LLP
 3  101 Second Street, Suite 1800
    San Francisco, California  94105-3601
 4  Telephone:    (415) 371-1200
    Facsimile:    (415) 371-1211
 5
    Attorneys for Defendants
 6  SCOTTSDALE INSURANCE COMPANY, NATIONAL CASUALTY COMPANY,
    SCOTTSDALE INDEMNITY COMPANY, WESTERN HERITAGE INSURANCE COMPANY,
 7  R. MAX WILLIAMSON and JOSEPH A. LUGHES
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, NATIONAL CASUALTY COMPANY, a Wisconsin Corporation, SCOTTSDALE INDEMNITY COMPANY, an Ohio Corporation, WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation, R. MAX WILLIAMSON, an individual, JOSEPH A. LUGHES, an individual, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:05-CV-00312-MCE-DAD<br><br>**ACKNOWLEDGEMENT REGARDING PROTECTIVE ORDER**<br><br>*Consolidated with: 05-CV-01389-GEB-KJM* |

I, _____, state and represent as follows:

My Current address is as follows: _____.

My present occupation is: _____.

I have been advised of the Protective Order in this case and have reviewed a copy of the same that has been provided to me.  I understand the Protective Order and agree to be bound by it.

SF #1076973 v2                                    -1-                            [2:05-CV-00312-MCE-DAD]

1  I hereby submit to the jurisdiction of the court for the purposes of enforcement of the Protective
2  Order in this action.
3       I declare under penalty of perjury under the laws of the United States of America that I
4  have read, understood, and agreed to be bound and abide by the terms of this Acknowledgement
5  Regarding Protective Order, and that the foregoing is true and correct to the best of my
6  knowledge.

7
8  Dated: _____

9      _____
10        (Signature)

SF #1076973 v2                -2-                [2:05-CV-00312-MCE-DAD]

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

ACKNOWLEDGEMENT REGARDING PROTECTIVE ORDER