UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, NATIONAL CASUALTY COMPANY, a Wisconsin corporation, SCOTTSDALE INDEMNITY COMPANY, an Ohio corporation, WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation, R. MAX WILLIAMSON, an individual, JOSEPH A. LUGHES, an individual, and DOES 1 through 100, inclusive,<br><br>            Defendants. | No. 2:05-cv-00312-MCE-DAD<br><br>Consolidated with<br>2:05-cv-01389-MCE-DAD<br><br><br><br>**ORDER** |

[CAPTION CONTINUED ON NEXT PAGE]

1  WESTERN HERITAGE INSURANCE                    No. 2:05-cv-1389-MCE-DAD
   COMPANY, an Arizona corporation,
2
              Plaintiff,                         Consolidated with
3                                                2:05-cv-0312-MCE-DAD
         v.
4
   SOVEREIGN GENERAL INSURANCE
5  SERVICES, INC., a California
   Corporation; MARTIN F. SULLIVAN
6  SR. and GLORIA SULLIVAN, husband
   and wife, guarantors,
7
              Defendants.
8

9                            ----oo0oo----

10

11       On February 20, 2007, this Court issued its Memorandum and

12  Order granting summary judgment in favor of Scottsdale Insurance

13  Company, National Casualty Company, Scottsdale Indemnity Company,

14  Western Heritage Insurance Company, R. Max Williamson, and

15  Joseph A. Lughes ("the Scottsdale Parties") with respect to all

16  claims asserted by Sovereign General Insurance Services ("SGI")[1]

17  against the Scottsdale Parties in these consolidated proceedings.

18       The terms of the aforementioned Memorandum and Order make it

19  clear that judgment was entered only as to SGI's claims.  Western

20  Heritage's own affirmative claims, as set forth in Case

21  No. 2:05-cv-1389-MCE-DAD, were not addressed by the Scottsdale

22  Parties' Motion seeking summary judgment as to SGI's claims.

23  Those claims have not been subjected to challenge on summary

24  judgment and remain both pending and unresolved.

---

[1] In reviewing the February 20, 2007 Memorandum and Order, the Court notes that page 2, line 18 of that Order incorrectly refers to SGI as the moving party rather than the Scottsdale Parties.  That represents a typographical error and is hereby corrected at the Court's own direction.

1 Nonetheless, the docket text prepared by the Clerk of the Court
2 to accompany the February 20, 2007 Memorandum indicates that the
3 entire action is terminated, which would suggest an adjudication
4 not only of SGI's claims but also of the separate claims asserted
5 by the Scottsdale Parties that were not the subject of the
6 summary judgment proceedings.  The Scottsdale Parties now move
7 under Federal Rule of Civil Procedure 60(a) for relief from any
8 determination that their own claims are foreclosed by the Court's
9 Judgment.
10      Rule 60(a) provides, in pertinent part, that "Clerical
11 mistakes in judgments, orders or other parts of the record and
12 errors therein arising from oversight or omission may be
13 corrected by the court at any time of its own initiative or on
14 the motion of any party and after such notice, if any, as the
15 court orders."
16      To the extent that the Clerk of the Court closed this case
17 in its entirety, that action was not in accordance with this
18 Court's February 20, 2007 Order and was in error.  The Scottsdale
19 Parties' own claims against SGI remain active, and Scottsdale's
20 Motion for Relief from Judgment under Rule 60(a) is proper and
21 shall hereby be GRANTED.[2]  The Clerk is directed to
22 administratively reopen this case in order to permit the
23 adjudication of the Scottsdale Parties' claims in Case
24 No. 2:05-1389-MCE-DAD.
25 ///
26

---

27      [2] Because oral argument would not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28 Local Rule 78-230(h).

The Court will issue a separate Pretrial (Status) Scheduling Order setting remaining pretrial deadlines, and establishing a new trial date, in that case.

　　　　IT IS SO ORDERED.

Dated: July 5, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4