UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, et al.,<br><br>      Defendants.<br>_____/<br>WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California Corporation; MARTIN F. SULLIVAN SR. and GLORIA SULLIVAN, husband and wife, guarantors,<br><br>      Defendants.<br>_____/ | No. 2:05-cv-0312-MCE-DAD<br><br>Consolidated with<br>No. 2:05-cv-1389-MCE-DAD<br><br><br><br><br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

----oo0oo----

On February 20, 2007, this Court issued its Memorandum and Order granting summary judgment in favor of Scottsdale Insurance Company, National Casualty Company, Scottsdale Indemnity Company, Western Heritage Insurance Company, R. Max Williamson, and Joseph A. Lughes ("the Scottsdale Parties") with respect to all claims asserted by Sovereign General Insurance Services ("SGI") against the Scottsdale Parties in these consolidated proceedings. SGI timely filed a Motion for Reconsideration with respect to that Memorandum and Order, under Federal Rule of Civil Procedure 59(e), on March 1, 2007. For the reasons set forth below, that Motion will be denied. The Scottsdale Parties' request for sanctions in having to oppose the Motion will also be denied.

**BACKGROUND**

The background of this case was fully explicated in the Court's initial Memorandum and Order of February 20, 2007 ("Order") and need not be repeated here.

**STANDARD**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988). This principle is generally embodied in the law of the case doctrine.

///

That doctrine counsels against reopening questions once resolved in ongoing litigation. <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 (9th Cir. 1989). Nonetheless, in certain limited situations the court may reconsider its prior decisions.

Absent "highly unusual circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where 1) the court is presented with newly discovered evidence; 2) the court committed clear error or the initial decision was manifestly unjust; or 3) there is an intervening change in controlling law. See <u>Turner v. Burlington N. Santa Fe R.R. Co.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003); <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993)(citations and quotations omitted). Local Rule 78-230(k) similarly requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion.... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time*." <u>Ayala v. KC Envtl. Health</u>, 426 F. Supp. 2d 1070, 1098 (E.D. Cal. 2006) (emphasis in original) (internal citations omitted).

3

Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are accordingly not grounds for relief under Rule 59(e).  Motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court.  <u>Turner v. Burlington N. Santa Fe R.R.</u>, <u>supra</u>, 338 F.3d at 1063.

**ANALYSIS**

The bulk of SGI's reconsideration request revolves around the contention that the Court's ruling did not properly take into account the distinction between various categories of insurance premiums payable on policies issued by Western Heritage. Specifically, according to SGI, whether or not premiums were due upon issuance of the policies, upon placement of endorsements, or following policy audits makes a difference in determining whether SGI owed premium amounts that affected its right to claim expiration rights under the Western Heritage Agency Agreement. SGI asserts, for instance, that it had no obligation to collect audit premiums generated after termination of its agency agreement, explaining that its ability as a terminated agent to collect such premiums would as a practical matter be severely compromised.

SGI's argument misses the mark in justifying reconsideration for several reasons.  First, the distinction that SGI now attempts to draw between so-called "pure" premium (due at policy inception), "endorsement" premium and "audit" premium does not amount to newly discovered evidence.

4

While SGI's apparent reliance on this distinction surfaces almost exclusively within the confines of this Motion for Reconsideration, the differences between premium classifications unquestionably existed prior to the time of the Court's original decision. Failure to make arguments in the original motion does not convert arguments, and the evidence upon which they are based, into newly discovered evidence. See, e.g., ACand S, Inc., supra, 5 F.3d at 1263; see also Global Network Techs. v. Regional Airport Auth., 122 F.3d 661 (8th Cir. 1997) (Rule 59(e) motion may not be used to introduce new evidence that could have been introduced during pendency of summary judgment motion).

Second, whether or not SGI should be responsible for remitting audit premiums generated after termination does not make a difference in determining the salient issue before the Court with respect to premium payment; namely, whether SGI was entitled to the use and control of Western Heritage expiration or renewal rights because of the premiums it had paid at the time of termination. Section 7.1 of the Western Heritage Agency Agreement makes it absolutely clear that the right to such rights depends on whether SGI had promptly accounted for and paid all premiums owed "upon termination" of the Agreement. Nor does the Agreement distinguish between various types of premium owed in any event. To the contrary, the Agreement provides, at Section 4.1 that SGI shall be responsible for the payment of all premiums "whether original, renewal or interim.

///
///
///

Even termination of the agency agreement does not alter this responsibility unless Western Heritage elects, at its discretion, to collect premium amounts directly from a producing sub-agent or from the insured.  <u>See</u> Western Heritage Agreement, Section 12.2.

Here, as explicated in the Court's initial Order, it is uncontroverted that premiums due to Western Heritage at the time of SGI's termination had not been paid, and indeed had not even been properly accounted despite open recap requests made by Western Heritage in April, May, and June of 2005, prior to the August 1, 2004 effective date of termination.  (Order, 5:8-13; 13:17-24).  This disposes of SGI's contention that it had a right to policy expirations/renewals.  SGI's argument that it only was obligated to remit monies actually collected or held, as opposed to premium amounts due and unpaid, is unavailing.  As indicated in the Court's Order, that argument runs counter to Section 4.2 of the Agreement, which early states that premiums are "deemed to be payable" whenever a policy is issued.  Moreover, the "collected and held" language seized upon by SGI in this regard also would appear to apply by its terms to "other monies and securities" rather than "premiums" per se in any event.

SGI consequently cannot show that it is entitled to policy renewal rights either on the basis of newly discovered evidence, of which there is none, or any manifest injustice since the Court's ruling was based on the terms of the parties' own Agency Agreement.  SGI also cannot make a viable argument that reconsideration is mandated on grounds that additional contingent commissions were owed but not paid at the time the Scottsdale insurers terminated their agency agreements with SGI.

1    There is no dispute that the agency agreements provide that
2 no further contingent commissions were due SGI following
3 termination of its agency agreements until all outstanding
4 liabilities on business placed by SGI, including loss reserves,
5 are satisfied.  It is equally uncontroverted that all such
6 outstanding liabilities on SGI's business have yet to be
7 satisfied.  SGI nonetheless attempts to rehash its argument,
8 already rejected by the Court, that a contingent premium was due
9 on June 30, 2004, prior to the effective date of termination for
10 its agency agreements.  No valid grounds for reconsideration have
11 been offered with respect to that issue.  No newly discovered
12 evidence has been identified and no showing of manifest injustice
13 beyond that already argued has been cited.  In addition, at no
14 point in its Motion does SGI contend that any intervening change
15 in controlling law has occurred that would warrant
16 reconsideration.
17    SGI's remaining arguments can be disposed of just as easily.
18 The Court's reasons for declining to apply California Insurance
19 Code section 769(d) have already been fully explicated in its
20 initial Order.  No error of law resulting in manifest injustice
21 has been identified.  Similarly, SGI offers no new evidence or
22 any other valid justification for revisiting the Court's
23 rejection of its fraud claim.
24 ///
25 ///
26 ///
27 ///
28 ///

7

**CONCLUSION**

For all the foregoing reasons, SGI's Motion for Reconsideration is DENIED.[1]  The Court, however, DENIES Scottsdale Parties' request to assess attorney's fees against SGI on grounds that the Motion was entirely groundless, frivolous, and improper.

IT IS SO ORDERED.

Dated: October 12, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).