UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California corporation, | No. 2:05-cv-00312-MCE-DAD<br><br>Consolidated with<br>2:05-cv-01389-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, NATIONAL CASUALTY COMPANY, a Wisconsin corporation, SCOTTSDALE INDEMNITY COMPANY, an Ohio corporation, WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation, R. MAX WILLIAMSON, an individual, JOSEPH A. LUGHES, an individual, and DOES 1 through 100, inclusive, | |
| Defendants. | |
| WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation, | |
| Plaintiff, | |
| v. | |
| SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California Corporation; MARTIN F. SULLIVAN, SR. and GLORIA SULLIVAN, husband and wife, guarantors, | |
| Defendants. | |

1

1         Judgment was originally rendered in this matter on
2    October 7, 2008, in accordance with the jury's verdict in the
3    amount of $715,113.29 reached at the conclusion of the trial on
4    Western Heritage's affirmative claims against Sovereign General
5    Insurance Company, Martin F. Sullivan, Sr., and Gloria Sullivan
6    ("Sovereign General").  Through the present Motion, Western
7    Heritage seeks to amend that judgment, in accordance with the
8    provisions of Federal Rule of Civil Procedure 59(e), to include
9    claimed prejudgment interest in the additional amount of
10   $307,872.27.
11        It is undisputed that a Rule 59(e) motion can be utilized to
12   request that a judgment be amended to provide for prejudgment
13   interest.  Osterneck v. Ernst & Whinney, 489 U.S. 169, 175
14   (1989).  While Sovereign General does not dispute that Arizona
15   laws applies in determining whether Western Heritage is entitled
16   to prejudgment interest, it does argue that the damages awarded
17   by the jury were not "liquidated" in nature so as to entitle
18   Western Heritage to mandatory prejudgment interest under
19   Employer's Mutual Cas. Co. v. McKeon, 170 Ariz. 75, 77 (Ariz.
20   App. 1991); see also AMHS Ins. Co. v. Mutual Ins. Co., 258 F.3d
21   1090, 1103 (9th Cir. 2001) (citing Arizona law to this effect).
22        Under Arizona law, "[a] claim is liquidated if the evidence
23   furnishes data which if believed, makes it possible to compute
24   the amount with exactness, without reliance upon opinion or
25   discretion."  Schade v Diethrich, 158 Ariz. 1, 14 (Ariz. 1988);
26   Employers Mutual Cas. Co. v. McKeon, 170 Ariz. at 78.
27   ///
28   ///

Such information, which gives the debtor sufficient data to ascertain the precise amount owed, triggers the obligation to pay prejudgment interest on the liquidated sum. AMHS Ins. Co. v. Mutual Ins. Co., 258 F.3d at 1103.

Consequently, in determining Western Heritage's entitlement to prejudgment interest here, the pertinent inquiry is whether or not the amounts owed by Sovereign General, as ultimately awarded by the jury following trial, were readily ascertainable without any uncertainty or reference to expert opinion. The Court, having heard the voluminous evidence adduced at trial concerning Sovereign General's indebtedness to Western Heritage, concludes that the amount owed cannot qualify under this standard for prejudgment interest on liquidated damages.

The evidence showed that the amount owed to Western Heritage changed over time. Indeed, exhibits offered at trial indicated that Sovereign General's indebtedness changed from $1,511.184.56 (as of March 3, 2005), to $1,231,842.20 (as of September 30, 2005), to $738,129.03 (as of April 30, 2006), and finally to $715,113.29 (as of April 30, 2008). Moreover, Western Heritage elicited expert testimony to establish the alleged liquidated sum owed, both at trial and in support of the instant Motion. Despite the changing figures summarized above, for example, the Fortenbaugh Declaration offered to support Western's claim for prejudgment interest through this Motion purports to reflect open accounts extending back to 2004.

///
///
///

Given the ongoing payments that steadily reduced the amount due as well as the complex nature of both the multiple open accounts and the accounting systems utilized by the parties, there is simply no way that the amount due, at any given time prior to the judgment, could ever be determined with exactness, without discretion, and absent the need for opinion and/or expert testimony, all prerequisites that must be satisfied in order to qualify as liquidated damages, and, in turn, prejudgment interest.  Western Heritage's Motion for Prejudgment Interest is accordingly DENIED.[1]

IT IS SO ORDERED.

Dated: January 6, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not of material assistance, the Court ordered these matters submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).