UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California corporation, | No. 2:05-cv-00312-MCE-DAD<br><br>Consolidated with<br>No. 2:05-cv-01389-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, NATIONAL CASUALTY COMPANY, a Wisconsin corporation, SCOTTSDALE INDEMNITY COMPANY, an Ohio corporation, WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation, R. MAX WILLIAMSON, an individual, JOSEPH A. LUGHES, an individual, and DOES 1 through 100, inclusive, | |
| Defendants. | |
| WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation, | |
| Plaintiff, | |
| v. | |
| SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California Corporation; MARTIN F. SULLIVAN, SR. and GLORIA SULLIVAN, husband and wife, guarantors, | |
| Defendants. | |

///

1

1    In this consolidated litigation, Scottsdale Insurance
2 Company, Scottsdale Indemnity Company, Western Heritage Insurance
3 Company and R. Max Williamson (hereinafter referred to as "the
4 Scottsdale Parties" unless otherwise indicated) now seek
5 attorney's fees in this matter, both as successful parties at
6 trial on their own affirmative action against Sovereign General
7 and Martin and Gloria Sullivan (<u>Western Heritage In. Co. v.
8 Sovereign Gen'l Ins. Services, Inc.</u> (E.D. Cal. Case No.
9 05-cv-01389-MCE-DAD), due to their successful summary judgment
10 motion in Sovereign General's lawsuit (<u>Sovereign Gen'l Ins.
11 Services, Inc. v. Scottsdale Ins. Co.</u>, E.D. Cal. Case No.
12 05-cv-00312-MCE-DAD), and in the wake of the successful rulings
13 they obtained in subsequent appeals to the Ninth Circuit.
14    Judgment pursuant to the jury's October 1, 2008 verdict in
15 the <u>Western Heritage</u> lawsuit was entered on October 7, 2008.  In
16 addition, summary judgment in favor of the Scottsdale Parties was
17 entered by February 20, 2007 as to the suit instituted by
18 Sovereign General.
19    On October 29, 2008, Sovereign General filed a Notice of
20 Appeal both as to the summary judgment rendered against it in
21 2007 and the judgment following jury verdict in 2008.  On
22 August 29, 2009, while that appeal was pending, the Sullivans
23 filed a Chapter 7 voluntary petition in Bankruptcy Court, Bankr.
24 E.D. Cal. Case No. 09-38120-B-7.  Additionally, On September 14,
25 2009, an involuntary petition was filed against Sovereign.
26 (Bankr. E.D. Cal. Case No. 09-39673-A-7).
27 ///
28 ///

In January of 2010, the Bankruptcy Court granted Western Heritage's emergency motion for relief from the automatic stay occasioned by the Sullivan and Sovereign bankruptcy proceedings so that the appeal before the Ninth Circuit could move forward. Thereafter, the matter was argued before the Ninth Circuit, and the court issued its Memorandum decision on April 8, 2010 in the consolidated appeals, affirming this Court's summary judgment dismissing Sovereign's claims, but reversing and remanding the denial of Western Heritage's request for prejudgment interest. Finally, on August 26, 2010, the Bankruptcy Court granted another modification from the automatic bankruptcy stay in the Sullivan matter[1] to permit this Court to enter final orders and judgment in this action in a manner consistent with the Ninth Circuit's remand, and for purposes of resolving outstanding attorney's fee requests.

On December 15, 2010, the parties presented a Stipulation and Proposed Order for Judgment to this Court for signature, under the terms of which Sovereign General and the Sullivans agreed to a final judgment in the amount of the jury's verdict ($715,113.29, consistent with this Court's entry of judgment on October 7, 2008), along with an award of prejudgment interest in the amount of $307,872.29 (consistent with the Ninth Circuit's Memorandum decision of April 8, 2010 and its mandate reversing and remanding the calculation of prejudgment interest to this Court).

---

[1] Sovereign's involuntary Chapter 7 proceeding had already been closed by way of a Final Decree issued by the Bankruptcy Court on or about March 31, 2010.

3

1  The parties further stipulated that the final judgment would
2  include an award of attorney's fees in accordance with the
3  Scottsdale Parties' Renewed Attorney's Fees Motion.  This Court
4  entered its Order on the parties' Stipulation on December 22,
5  2010, and entered Judgment pursuant thereto.  That leaves the
6  Scottsdale Parties' Renewed Motion for Attorney's Fees, filed
7  concurrently with the Stipulation and Proposed Order for Judgment
8  on December 15, 2010, as the sole outstanding issue for the
9  Court's consideration in this matter.
10      The Scottsdale Parties seek a total of $1,461,540.83 as
11 successful party attorney's fees, and break that total down to
12 $825,413.24 on summary judgment, $498,862.82 through trial and
13 post trial motions, and $137,264.76 for additional post-trial,
14 appellate and bankruptcy issues.  The Scottsdale Parties contend
15 that they are entitled to these fees on several overlapping
16 bases, including the availability of fees under the applicable
17 Arizona law as implicated by the choice of law provisions
18 contained in the parties' agency agreement, or under the
19 indemnification clause of the parties' agency agreement itself.
20      Despite participating in the Stipulation and Order for
21 Judgment, and agreeing that the Scottsdale parties could properly
22 seek attorney's fees by way of the instant Motion, no opposition
23 to said Motion has been filed either by the Sullivans or by
24 Sovereign.
25 ///
26 ///
27 ///
28 ///

Given that non-opposition, and good cause appearing, the Scottsdale Parties' Renewed Motion for Attorney's Fees is hereby GRANTED.[2]  The Court orders that the Court's Judgment dated December 22, 2010 be amended to include the additional sum of $1,461,540.83 in attorney's fees in favor of the Scottsdale Parties and against Sovereign General and Martin and Gloria Sullivan.

    IT IS SO ORDERED.

Dated: February 8, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court deemed this matter suitable for decision on the briefs. E.D. Cal. Local Rule 230(g).

5